IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R.F., by and through his next friend, C.F., <br><br> Plaintiff, <br><br> v. <br><br> LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, <br><br> Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:25-cv-5485 |

## ORIGINAL COMPLAINT

### I.     INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a reversal of an erroneous decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding. This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

### II.     JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

1

### III.   PARTIES

4. Plaintiff R.F. is a nine-year-old student with disabilities who lives in or around Richmond, Texas.  He resides within the geographical area served by the Lamar Consolidated Independent School District ("LCISD").

5. Defendant LCISD is a duly incorporated Independent School District located in Fort Bend County, Texas.  LCISD is the resident school district for R.F. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA").

### IV.   STATEMENT OF FACTS

6. Plaintiff R.F. is a nine-year-old student with disabilities who attends school in LCISD.  LCISD deems him eligible to receive special education instruction and services through the categories of Emotional Disability, Other Health Impairment, Specific Learning Disabilities, and Speech Impairment.  Plaintiff is eligible through the category of Other Health Impairment by virtue of his Attention Deficit Disorder/Attention Deficit Hyperactivity Disorder, his Chiari Malformation, and Post-Traumatic Stress Disorder ("PTSD").  Plaintiff had developed PTSD because of abuse and neglect he had suffered at the hands of his biological mother.  Plaintiff is eligible through the category of Specific Learning Disabilities in the areas of Basic Reading Skills and Reading Fluency.  He is identified as having dyslexia.  As discussed below, because of LCISD's failures in addressing Plaintiff's disabilities appropriately and its resultant failure to provide a Free Appropriate Public Education, Plaintiff struggled to make any progress at all with respect to behavioral issues or with respect to academic issues.  Instead of correcting its failures, LCISD sought to place Plaintiff in increasingly restrictive placements and ultimately in Powell

Point, a separate campus housing only students with severe behavioral difficulties. As discussed below, this placement was and is inappropriate for Plaintiff.

### The 2022-2023 School Year.

7. Plaintiff had behavioral difficulties during the 2022-2023 school year to such a degree that LCISD placed him in the Social Emotional Structured ("SESC") classroom—a behavioral classroom—and transferred him to a different campus. These behaviors included property destruction and elopement out of the classroom. Plaintiff's father has a calming effect on him, and Plaintiff's ability to participate in school and to learn effectively depends to a large extent on the presence or absence of his father or someone else he can trust. His unwillingness to participate with others resulted to a substantial degree from the abuse and neglect that he had previously suffered and that gave rise to his PTSD, to a sensitivity to perceived threats, and to a tendency towards negative self-attributions.

### The 2023-2024 School Year.

8. Plaintiff began the 2023-2024 school year in the General Education classroom, but he displayed disruptive behaviors in that classroom. The dyslexia teacher had a very difficult time getting Plaintiff to learn new things because of his behaviors. School records for December 11, 2023, reflects that Plaintiff's behaviors at this time were primarily Task Refusal, Disruption of Activity, Property Destruction, Elopement, and Physical Aggression. He was not exhibiting Self-Injurious Behavior at this time. The behaviors were increasing as a general matter. LCISD determined at this time to place Plaintiff once more in the SESC classroom in February 2024.

### The 2024-2025 School Year.

9. During the 2024-2025 school year, Plaintiff enrolled at Jane Long Elementary—the campus with the SESC classroom to which he had been assigned. He started the year at Level 1 of the SESC classroom, in which the SESC classroom functions as a self-contained

3

classroom. To advance to the next level of the SESC program, Plaintiff would have had to maintain a certain behavioral percentage over an extended period of time. Plaintiff could lose any progress made in this regard and go back down to a lower level even with one event if he destroyed property or injured a staff member or student. Students in Level 1 spend all their classroom time in the SESC classroom, so the special education teacher is responsible for teaching all the subjects they are taking. Plaintiff did not receive art or music while in Level 1 of the SESC classroom.

10. During the 2024-2025 school year, teachers and staff failed to implement Plaintiff's Behavior Intervention Plan consistently and appropriately, often failing to give Plaintiff a cool down opportunity as require and would fail to give assignments individually, thus triggering significant anxieties by overwhelming him with multiple assignments simultaneously presented. Plaintiff never made it out of Level 1 of the SESC classroom during the entire 2024-2025 school year. As discussed further below, Plaintiff's situation in that classroom was further complicated by the fact that his SESC classroom teachers were, for the most part, relatively inexperienced in working with behavioral challenges. Partially for that reason, Plaintiff had difficulty establishing trust relationships with teachers and staff during the 2024-2025 school year.

11. LCISD administrators recognized that Plaintiff was not making behavioral or academic progress during the 2024-2025 school year. In fact, he rarely wanted to participate in academic activities during this school year at all. Plaintiff refused altogether to engage with some LCISD providers of instruction or services. He would not work at all for the dyslexia teacher and exhibited substantial negative behaviors when she sought to engage with him. In

fact, she never managed to do a complete lesson with him during the entire 2024-2025 school year.  Likewise, Plaintiff refused to be pulled out for counseling services.

12. On August 19, 2024, Plaintiff's father explained to LCISD administrators at the Jane Long Elementary School that many of Plaintiff's behaviors derived from his severe trauma disorder and severe separation anxiety.  On September 18, 2024, Plaintiff's father emailed LCISD administrators concerning bullying of Plaintiff by other children and Plaintiff's resultant elopement behavior.  Bullying had become a daily occurrence by this point.   LCISD administrators responded in a manner that was inappropriate, given Plaintiff's unique characteristics and circumstances.

13. Already by October 2, 2024, LCISD was making plans to send Plaintiff to Powell Point, a program on a separate campus for students with severe behavioral issues.  For a student to leave Powell Point requires that student to achieve a minimum number of behavioral points for seven consecutive weeks.  Students have sometimes stayed at Powell Point for years. However, much of the reason for the behaviors Plaintiff was demonstrating stemmed from the inexperience of the teachers working with him and their failure to implement Plaintiff's Individualized Education Program and Behavior Intervention Plan appropriately.

14. During the Spring semester of the 2024-2025 school year, because of Plaintiff's erratic behavior, the administrators contacted the district for assistance, and the district sent two behavioral interventionists to observe.  These behavioral interventionists were not permanently in the SESC classroom, however, and were thus limited in the degree to which they could assist. It was never considered to add more dedicated staff to the SESC classroom.  The only behavioral interventionists that remain in one location are the ones at Powell Point.  Plaintiff was displaying severe behaviors, including self-injurious behaviors, at this time.

15. LCISD sought to force Plaintiff to attend the highly restrictive Powell Point placement because it was more administratively convenient to place him there rather than to provide the training and support he required at the more integrated campus. LCISD thus elevated its own administrative convenience over Plaintiff's unique needs.

16. In light of LCISD's failure to provide him a Free Appropriate Public Education and its insistence on transferring him to a more restrictive placement than was necessary or appropriate, Plaintiff brought an administrative due process proceeding to challenge these failures. The administrative hearing officer erroneously denied Plaintiff the relief he requested.

17. In light of the foregoing, Plaintiff appeals to this Court to seek reversal of the administrative hearing officer's erroneous decision and to obtain the relief improperly denied below.

## FIRST CAUSE OF ACTION (IDEA)

18. Plaintiff incorporates by reference paragraphs 1-17 of this Complaint.

19. The administrative hearing officer erred in denying Plaintiff the relief he requested.

20. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

21. Plaintiff seeks reversal of the administrative hearing officer's erroneous decision and an order requiring Defendant to provide the full relief sought by Plaintiff in the underlying administrative proceeding, including, but not limited to, development of an appropriate Individualized Education Program, appropriate training for those charged with implementing that program, compensatory education, and placement in the least restrictive environment appropriate to his needs.

22.   Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees, as a prevailing party, and thus requests such fees as well.

## PRAYER

Plaintiff seeks reversal of the administrative hearing officer's erroneous decision and an order requiring Defendant to provide the full relief sought by Plaintiff in the underlying administrative proceeding, including, but not limited to, development of an appropriate Individualized Education Program, appropriate training for those charged with implementing that program, compensatory education, and reimbursement for past and prospective expenses incurred as a result of Defendant's failures as articulated above.  Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees, as a prevailing party, and thus requests such fees as well.

DATED: November 17, 2025                                       Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Mark Whitburn　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　Mark Whitburn
　　　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24042144
　　　　　　　　　　　　　　　　　　　　　　　　　　Sean Pevsner
　　　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24079130
　　　　　　　　　　　　　　　　　　　　　　　　　　Alison Gentry
　　　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24136855
　　　　　　　　　　　　　　　　　　　　　　　　　　Whitburn & Pevsner, PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　2000 E. Lamar Blvd., Suite 600
　　　　　　　　　　　　　　　　　　　　　　　　　　Arlington, Texas 76006
　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: (817) 653-4547
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (817) 653-4477
　　　　　　　　　　　　　　　　　　　　　　　　　　mwhitburn@whitburnpevsner.com